

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 21, 1947

Hon. Ben D. Geeslin
County Attorney
McCulloch County
Brady, Texas

Opinion No. V-438

Re: Authority of the Commis-
sioners' Court to grant
ex officio salaries to
county officers any time
in the year.

Dear Sir:

We refer to your request for an opinion from
this office on the above subject matter in which you ask
the following questions:

"1.  May the Commissioners Court make an
order granting ex-officio pay to County Offi-
cers at any time during the year?

"2.  May the Commissioners Court pay to
the Tax Assessor-Collector of McCulloch Coun-
ty an ex-officio salary?"

McCulloch County has a population of 13,208
inhabitants according to the 1940 Federal Census. Its
county officials are compensated on a fee basis and the
maximum compensation allowed under Article 3883, V.C.S.,
and Article 3891, V.C.S., as amended by S. B. 123, Acts
49th Leg., p. 244, is $3,750.00. The authority for the
Commissioners' Court in counties in which its county of-
ficials are compensated on a fee basis to allow such
county officials ex officio compensation is found in
Article 3895, V.C.S., which provides as follows:

"The Commissioners' Court is hereby de-
barred from allowing compensation for ex-
officio services to county officials when the
compensation and excess fees which they are
allowed to retain shall reach the maximum
provided for in this chapter. In cases where
the compensation and excess fees which the
officers are allowed to retain shall not reach
the maximum provided for in this chapter, the
Commissioners' Court shall allow compensation

for ex officio services when, in their judg-
ment, such compensation is necessary, provid-
ed, such compensation for ex officio services
allowed shall not increase the compensation
of the official beyond the maximum of compen-
sation and excess fees allowed to be retain-
ed by him under this chapter.  Provided, how-
ever, the ex officio herein authorized shall
be allowed only after an opportunity for a
public hearing and only upon the affirmative
vote of at least three members of the Commis-
sioners' Court."

It was held in Taylor v. Brewster County, 144
S. W. (2d) 314, that the granting of ex officio compen-
sation was entrusted to the discretion of the Commis-
sioners' Court by Article 3895 and that there was no
time specified in said Article as to when the Commis-
sioners' Court could grant ex officio compensation.  We
quote the following:

" . . . Conditions existing as provided in
Art. 3895, it might validly make this allow-
ance.  It clearly appears from the agreed
statement of facts that but for the ex-officio
allowance the fees of office would not have a-
mounted to the maximum of $3,000, which was
the maximum compensation allowed appellant
Taylor.  The time when the Commissioners' Court
may make this allowance is not specified in Art.
3895.  The allowance does seem large.  However,
we have not the benefit of the amount realized
in fees of the office during preceding years.
Under the conditions named in the statute it
was entrusted to the discretion of the Commis-
sioners' Court.  If these conditions did not
exist or could not exist, the action of the
Commissioners' Court would be void and confer-
red no authority for the payment.  The quoted
portion of the stipulation is as to an ulti-
mate fact.  Only acting in the manner provid-
ed for in the quoted statute could it author-
ize the payment.  It has power to act in the
premises.  Action was taken therein.  The con-
struction is justified, if not compelled, that
it acted lawfully. . . . "

In the case of Tarrant County v. Hollis, 76
S. W. (2d) 198, writ dismissed, the Court was consider-

ing an order of the Commissioners' Court authorizing the payment of ex officio compensation, and it announced the following rule of law covering the payment of such compensation:

> "The order was entered just thirty-one days after appellee took office and at a time when the commissioners' court did not know what service 'ex-officio' the appellee would render or what amount he would collect in fees of office, i. e., what his compensation therefrom would be.  The fact that in that one order the commissioners' court fixed the same ex officio compensation of $1,500 for the constable, the justices of the peace, the assessor, the collector, and the district clerk is strongly suggestive that the court did not consider seriously just what 'ex officio' services these officials would render, but since it is not necessary to our decision to do otherwise, we indulge the presumption of correctness, which is ordinarily due a court judgment.  We do call to the attention of the commissioners' court that not only must the ex officio services be rendered, but that such compensation therefor must be 'necessary.'  It violates the spirit of the act for a commissioners' court to make such order merely to enable the petitioner to make the maximum allowed by law.  The record is wholly silent as to what, if any, services those various officials were to perform, each in his different line of work, but each none the less of the same value to the county.  If the purpose was only to increase the pay of those officials without any ex officio service contracted for, then the order was improper.  We are unwilling to give the order a construction which its language does not warrant, and which, if so construed, would suggest imprudence on the part of the commissioners' court."

In view of the foregoing, it is our opinion that the Commissioners' Court of McCulloch County is authorized to allow ex officio compensation at any time during the year.

Your attention is directed to the fact that

any allowance of ex officio compensation would be subject to the Budget Law.  689a-11, V.C.S.

Article III, Section 53, Constitution of Texas, provides:

"The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law."

In view of this provision of the Constitution, it is our opinion that if the Commissioners' Court of McCulloch County decides to grant ex officio compensation, such compensation can only be for services rendered from the date of the order of the Commissioners' Court granting the same.

In answer to your second question, Tarrant County vs. Hollis, infra, held that the Commissioners' Court may allow ex officio compensation to those officers who perform "ex officio services" provided the Court finds such compensation necessary.  Therefore, if the Commissioners' Court of McCulloch County finds that the tax assessor-collector performs "ex officio services" and compensation for such services is necessary, it is our opinion that the Commissioners' Court may allow the tax assessor-collector ex officio salary.

### SUMMARY

The Commissioners' Court of McCulloch County (operating on a fee basis) is authorized to grant ex officio compensation to its tax assessor-collector if it finds that the tax assessor-collector performs "ex officio services" and that compensation for such services is necessary.  Ex officio compensation may be granted by the Commissioners' Court at any time during the year, but such compensation must be for services rendered subsequent

to the date of the order of the Commis-
sioners' Court granting the same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:djm:mw

APPROVED:

Price Daniel
ATTORNEY GENERAL